# Exhibit 1

| | |
|---|---|
| **From:** | Ilyas J Rona <ilyas@delaneykester.com> |
| **Sent:** | Thursday, July 19, 2018 1:20 PM |
| **To:** | Noreen_Russo@mad.uscourts.gov |
| **Cc:** | Royston H Delaney; 'Frank Libby'; Kristen Kearney; Johnson, Dan; Posner, Ethan; Patel, Mona; Silverman, Nicholas; Hassler, William; Maya, Michael |
| **Subject:** | Re: Lokosky v. Acclarent, Inc., No. 11-cv-11217-DLC - Potential Discovery Dispute involving Third Parties |

Dear Ms. Russo,

Ms. Lokosky obviously does not agree with lengthy statements submitted by either Acclarent or its former CEO, Mr. Facteau, and its former VP of sales, Mr. Fabian, both of whom were convicted for "introducing adulterated and misbranded medical devices into interstate commerce," specifically the Relieva Stratus Microflow Spacer (https://www.justice.gov/usao-ma/pr/former-acclarent-inc-executives-convicted-crimes-related-sale-medical-devices)--the very same device that Ms. Lokosky alleges caused her retaliatory discharge. Here is the short summary of her position:

As a general rule, the privilege against self-incrimination "cannot be invoked on a blanket basis." *Vazquez-Rijos v. Anhnag*, 654 F.3d 122, 129 (1st Cir. 2011). Rather, it must be invoked in response to specific questions. *Id.*; *see also SEC v. Spencer Pharm., Inc.*, No. 12-cv-12334, 2014 WL 4179914 (D. Mass. Aug. 19, 2014). Ms. Lokosky's position is consistent with the law; she should be permitted to ask Mr. Facteau and Fabian questions, and not every question concerning her termination will implicate their 5th Amendment rights.

The relevance of their knowledge is clear. A jury found Facteau and Fabian responsible for causing the unlawful distribution of Stratus for an unapproved use during the period of time that Ms. Lokosky worked and was terminated. They are knowledge about the steps taken to make the Stratus "catalogue only" (purportedly a step to cease all active promotion), and they knew the "catalogue only" move raised compliance issues and left sales representatives "confused" and "scared." They were aware of the effort to disregard those compliance concerns and push forward with promotion, a push that occurred precisely at the same time Ms. Lokosky began complaining about the promotion. Mr. Facteau is on record for strongly preferring employees who, in his words, "drink the kool-aid," and Ms. Lokosky alleges that she was the only employee who refused to do so.

As for the timing of the depositions, Ms. Lokosky notes back in May, her counsel advised other counsel of her intent to depose Messrs. Facteau and Fabian in late July. No objections to timing were raised that that point.

Respectfully submitted,

Ilyas J. Rona
*Attorney for Plaintiff Melayna Lokosky*

(617) 671-9510
ilyas@delaneykester.com

From: Maya, Michael <mmaya@cov.com>
Sent: Thursday, July 19, 2018 11:48:31 AM
To: Hassler, William; Noreen_Russo@mad.uscourts.gov
Cc: Ilyas J Rona; Royston H Delaney; 'Frank Libby'; Kristen Kearney; Johnson, Dan; Posner, Ethan; Patel, Mona; Silverman, Nicholas
Subject: RE: Lokosky v. Acclarent, Inc., No. 11-cv-11217-DLC - Potential Discovery Dispute involving Third Parties

Dear Ms. Russo:

Defendant Acclarent, Inc. writes regarding the email below concerning the subpoenas served on William Facteau and Patrick Fabian by Plaintiff-Relator Melayna Lokosky. While Acclarent takes no position on Messrs. Facteau and Fabian's Fifth Amendment arguments, there are two independent reasons why the Court should quash the subpoenas. Moreover, even if the subpoenas are not quashed, they should not be used to further extend the schedule in this case.

First, Acclarent is not aware of any evidence that Facteau or Fabian were involved in Acclarent's decision to place Lokosky on a Performance Improvement Plan or to fire her, and Lokosky has not produced any evidence that they were involved. The Performance Improvement Plan and subsequent termination form the core of Lokosky's remaining two claims in this case, so the fact that Facteau and Fabian played no role in those events weighs strongly in favor of a finding that the depositions would be unduly burdensome and should be quashed. *See, e.g.*, *Ackermann v. NYC Dep't of Info. Tech. & Telecomms.*, No. 09-2436, 2010 WL 1172625, at *1 (E.D.N.Y. March 24, 2010) (quashing deposition of non-party who was not involved in EEOC proceedings related to plaintiff's claim and had no direct or personal knowledge of allegations).

Second, the burden of the depositions outweighs any potential relevance of this discovery. Lokosky apparently intends to pursue the depositions solely to have these two non-party witnesses assert their Fifth Amendment rights so she can ask the Court to draw an adverse inference against Acclarent from the refusals to testify. But no adverse inference may be drawn against Acclarent because Acclarent has had no employment relationship with Facteau or Fabian for several years, Acclarent does not control them, the witnesses have no interest in the case outcome, and their testimony is not central to the case. *See United States v. $62,552.00 in U.S. Currency*, No. 03-10153, 2015 WL 251242, at *6-*8 (D. Mass. Jan. 20, 2015).

Finally, even if the subpoenas are not quashed, the July 27 fact discovery deadline should not be extended to accommodate litigation related to them. The timing "crunch" created by these subpoenas is entirely the fault of Lokosky or her counsel. Her counsel has been in touch with Facteau's counsel since April 2017 and could have served subpoenas on both Facteau and Fabian at any time after September 20, 2017 -- almost nine months ago -- when the Court ruled on Defendants' motion to dismiss. Indeed, Lokosky's counsel has known since at least early March 2018 that Facteau intended to challenge any subpoena on Fifth Amendment grounds, and has known since May 2018 that Fabian would take the same position. Yet her counsel waited until ten days before the fact discovery deadline to try to force their testimony.

The Court's April 26, 2018 order, which extended the discovery period for a third time, "strongly encouraged [the parties] to make best efforts to meet the new deadlines," including the July 27 fact discovery deadline. Acclarent has done so and will complete its discovery obligations by the deadline. Lokosky has not made even a reasonable effort -- let alone her "best efforts" -- to resolve the issues of Facteau's and Fabian's testimony that she knew were looming. The Court therefore should quash the subpoenas and not extend the discovery deadline.

Respectfully submitted,
Michael M. Maya
Counsel for Defendant Acclarent, Inc.

**Michael M. Maya**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5547 | mmaya@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Hassler, William <WHassler@steptoe.com>
**Sent:** Wednesday, July 18, 2018 6:46 PM
**To:** Noreen_Russo@mad.uscourts.gov
**Cc:** Ilyas J Rona <ilyas@delaneykester.com>; Royston H Delaney <royston@delaneykester.com>; 'Frank Libby' <falibby@libbyhoopes.com>; Kristen Kearney <KKearney@libbyhoopes.com>; Maya, Michael <mmaya@cov.com>; Johnson, Dan <DEJohnson@cov.com>; Posner, Ethan <eposner@cov.com>; Patel, Mona <mpatel@cov.com>; Silverman, Nicholas <nsilverman@steptoe.com>
**Subject:** Lokosky v. Acclarent, Inc., No. 11-cv-11217-DLC - Potential Discovery Dispute involving Third Parties

Ms. Russo,

I write on behalf of non-party William Facteau and, at the request of his counsel, LibbyHoopes (copied here), non-party Patrick Fabian, whose counsel has authorized me to convey the following message on behalf of Mr. Fabian as well. I write to alert Magistrate Judge Cabell to a discovery issue in the above-referenced matter as provided in the Judge's Scheduling and Instructions Order.

Plaintiff Lokosky last contacted counsel for Mr. Facteau and Mr. Fabian in May 2018 regarding possible depositions in this matter. Both Mr. Facteau and Mr. Fabian separately informed Plaintiff through counsel that so long as they remain subject to criminal charges (which form the essence of Plaintiff's civil claims), they would assert their respective Fifth Amendment rights against self-incrimination if called to appear at a deposition in this civil matter. Since that time, counsel for Plaintiff has been silent, until jointly emailing counsel for Mr. Facteau and Mr. Fabian after business hours on July 16, 2018 that Plaintiff seeks to depose Mr. Facteau and Mr. Fabian as third-party witnesses in this matter, despite that Mr. Facteau and Mr. Fabian remain subject to criminal charges that are not yet resolved.

Mr. Facteau and Mr. Fabian's positions in this respect are virtually identical to the position of certain defendants in *In re New England Compounding Pharm., Inc.*, No. 13-md-02419-RWZ-JCB (D. Mass.) ("*NECC*"), in which private litigants sought to depose defendants facing related criminal charges. Magistrate Judge Boal in that case stayed the deposition of witnesses facing criminal charges. Application of the same logic here would result in a stay of any attempt to depose Mr. Facteau or Mr. Fabian so long as they remain subject to unresolved criminal charges.

Background

Mr. Facteau at one time was CEO of Defendant Acclarent. He has not, however, been employed by Acclarent since 2011. He is not a party to this case.

Mr. Fabian at one time was the Vice President of Sales of Defendant Acclarent. He has not been employed by Acclarent since 2010 and is not a party to this case.

As Judge Cabell may recall, Mr. Facteau and Mr. Fabian were charged in the matter of *United States v. Facteau, et al.*, 15-cr-10076-ADB (D. Mass.). This criminal case included allegations regarding off-label promotion of Acclarent products based on Plaintiff's *qui tam* complaint. Counsel is informed that Plaintiff's allegations of off-label promotion in her *qui tam* claims, the subsequent criminal case, and the current civil claim are substantially identical.

3

Both Mr. Facteau and Mr. Fabian were acquitted of all felony counts in the criminal case brought by the government. They were, however, convicted of ten misdemeanor counts. Mr. Facteau and Mr. Fabian have each moved for a judgment of acquittal or new trial on those ten misdemeanor counts. That motion remains pending. No judgment of conviction has been entered, neither Mr. Facteau nor Mr. Fabian has been sentenced, and both Mr. Facteau and Mr. Fabian retain their right to appeal to the First Circuit if necessary. Pending further rulings in the criminal matter, Mr. Facteau and Mr. Fabian remain in jeopardy of prosecution and, on the advice of counsel, intend to invoke their respective Fifth Amendment privileges against self-incrimination as to any and all questions while that jeopardy persists.

Plaintiff's counsel originally contacted counsel for Mr. Facteau about a possible deposition in this matter in April 2017 (over a year ago). Plaintiff's counsel initiated further contacts in November 2017 and March 2018. In March 2018, Mr. Facteau's counsel confirmed for Plaintiff's counsel that Mr. Facteau intended to invoke the Fifth Amendment if subpoenaed for a deposition in the instant case.

Plaintiff's counsel first contacted counsel for Mr. Fabian about a possible deposition in this matter in May 2018 (more than two months ago). At that time, Mr. Fabian's counsel notified Plaintiff's counsel that Mr. Fabian intended to invoke his Fifth Amendment privilege if subpoenaed to be deposed in this case.

On May 16, 2018, counsel for Mr. Facteau directed Plaintiff's counsel to Magistrate Judge Boal's opinion in *NECC* and provided counsel with a copy of that opinion. Counsel for Plaintiff did not respond to the May 16 email until the evening of July 16. At that time, Plaintiff's counsel emailed counsel for both Mr. Facteau and Mr. Fabian and proposed that Mr. Fabian be deposed and produce documents 10 days later (on July 26) and that Mr. Facteau be deposed and produce documents 11 days later (on July 27). Despite having waited two months to respond, counsel for Plaintiff stated that, "we are under a tight discovery deadline… we need to resolve this issue right away." An effort to resolve this issue by conferring with Plaintiff's counsel on July 17 did not resolve the dispute.

Legal Issue Presented

In *NECC*, Judge Boal stayed the deposition of several defendants in a pending criminal case because the significant overlap between the facts in the criminal case and facts likely to be discussed in a civil deposition meant any deposition would "necessarily implicate [Defendants'] Fifth Amendment rights." Order at 15-16, *NECC*, Dkt. No. 2123 (July 31, 2015). Judge Boal therefore ordered that the depositions be stayed until their criminal charges were resolved. *Id.* at 16; *accord United Techs. Corp. v. Dean*, 906 F. Supp. 27, 29 (D. Mass. 1995) (staying discovery as to one party pending resolution of criminal case against her because "while a stay may cause some inconvenience and delay to [a civil plaintiff], protection of defendant's constitutional rights against self-incrimination is the more important consideration" (internal quotation marks omitted)). After one of the defendants in *NECC*, Barry Cadden, was convicted and sentenced but before his appeal concluded, Judge Boal continued the stay, holding that although Mr. Cadden had been convicted, "the criminal charges against Cadden . . . are not finally resolved at this time." Electronic Order, *NECC*, Dkt. No. 3416 (July 5, 2017). The reasoning underlying the constitutional protection to remain silent also extends to open sentencing proceedings. *United States v. De La Cruz*, 996 F.2d 1307, 1312 (1st Cir. 1993) (affirming pre-sentencing defendant's invocation of the Fifth Amendment in response to every question except his name and address).

The Plaintiff's subpoenas also request production of a broad array of documents within less than ten days in Mr. Fabian's case and less than eleven days in Mr. Facteau's case:

(1) All communications, including email and text, with any person concerning Melayna Lokosky. (2) All communications, including email and text, with any person affiliated with Endogastric Solutions, Inc. (3) All communications, including email and text, concerning the identity of any whistleblowers at Acclarent, or any claims brought by a whistleblower. (4) All communications with Josh Makower, Gary Pruden, Robert Croce, or [Pat Fabian/Bill Facteau], after March 1, 2010. (5) All document you produced to the government in connection with your criminal prosecution or any criminal or civil investigation into Acclarent, Inc.

To the extent that documents falling within this request exist, it is not clear what if any relevance they have to Plaintiff's claims, or (if they were potentially relevant) why they would not be duplicative of documents and information already produced by Acclarent. Moreover, Plaintiff has an obligation under Fed. R. Civ. P. 45(d)(1) to "avoid imposing undue burden or expense on a person subject to the subpoena." The request for a non-party to engage in such document review—untethered by meaningful dates or subject matter limitations—

on an expedited basis occasioned solely by Plaintiff's dilatory conduct—would pose an undue burden on Mr. Facteau and Mr. Fabian, who are not parties and have not been employed by Acclarent since 2011and 2010, respectively.

Counsel for Mr. Facteau, Mr. Fabian, Plaintiff, and Acclarent met and conferred this afternoon but were unable to reach an agreement.  Pursuant to Judge Cabell's Scheduling and Instruction Order, Mr. Facteau and Mr. Fabian accordingly request a telephone conference regarding the July 16, 2018 subpoena.  Counsel for Acclarent also participated in this call.  Counsel proposes that any conference with the Judge be held jointly as Mr. Fabian is in the same position as Mr. Facteau in all relevant respects.  Counsel for Mr. Facteau is not available for a conference call on July 19.  Counsel for Mr. Facteau, Mr. Fabian, and both parties are available on Friday, July 20, if that date is convenient for the Court.  As a backup option, Counsel for both witnesses and both parties are available, if necessary, on Monday, July 23.

Respectfully,

William T. Hassler

Counsel for Bill Facteau

**William T. Hassler**
whassler@steptoe.com

**Steptoe**

+1 202 429 6469 direct
+1 202 390 7482 mobile
+1 202 429 3902 fax

**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.