# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. MELAYNA LOKOSKY,<br><br>　　　　　Plaintiff-Relator<br><br>　　　　　v.<br><br>ACCLARENT, INC.<br><br>　　　　　Defendant. | Civ. A. No. 1:11-cv-11217-DLC |

## DEFENDANT ACCLARENT INC.'S MEMORANDUM IN SUPPORT OF MOTION BY WILLIAM FACTEAU AND PATRICK FABIAN TO QUASH SUBPOENAS

The Court should quash the deposition subpoenas served by Plaintiff-Relator Melayna Lokosky on non-parties William Facteau and Patrick Fabian because the relevance of their depositions would be far outweighed by the burden of the depositions. As the witnesses have indicated in their submissions to the Court, they intend to assert their Fifth Amendment rights if they are forced to sit for depositions. No adverse inference could be drawn against Acclarent from those assertions, however, because neither witness has worked for Acclarent for several years, Acclarent does not control them, and they have little relevance, if any, to this case. The depositions therefore will add nothing of value to the existing record. Further, because Ms. Lokosky delayed serving the subpoenas until ten days before fact discovery closed on July 27, allowing the depositions or postponing them pending the resolution of the witnesses' criminal proceedings would require extending the fact discovery period for a fourth time—an extension for which Ms. Lokosky cannot demonstrate good cause. For these reasons, and as more fully explained below, the Court should quash the subpoenas, the case schedule should remain unchanged, and the parties should proceed to expert discovery and summary judgment.

## BACKGROUND

Mr. Facteau and Mr. Fabian are former employees of Acclarent who last worked for the company in 2011. Neither supervised Ms. Lokosky, and Ms. Lokosky's email to the Court regarding this subpoena dispute does not even contend that either was involved with the decisions to place Ms. Lokosky on a Performance Improvement Plan or to terminate her employment as of January 5, 2011, which are the core issues in Ms. Lokosky's remaining claims in this case. *See* ECF 89.

Mr. Facteau and Mr. Fabian were indicted in 2015 on criminal charges related to the design, approval, and promotion of Stratus. *See* Indictment, *United States v. Facteau, et al.*, No. 15-cr-10076 (D. Mass. Apr. 8, 2015), ECF 1. They were tried jointly in 2016 and were acquitted of all felony counts, including all "fraud"-based counts. *See* Jury Verdict, *Facteau, et al.* (July 20, 2016), ECF 432. They each were convicted, however, of 10 misdemeanor violations of the Food, Drug, and Cosmetic Act. *See id.* They each have moved for a judgment of acquittal or a new trial with respect to their convictions. *See* Mot. for J. of Acquittal or, Alternatively, New Trial, *Facteau, et al.* (Aug. 1, 2016), ECF 437. Their motion remains pending, no judgment against them has been entered, and no sentences have been imposed.

Ms. Lokosky's counsel first contacted Mr. Facteau's counsel about a potential deposition of Mr. Facteau in April 2017. Ms. Lokosky subsequently served a deposition subpoena on Mr. Facteau, but she agreed on May 11, 2017 to postpone any deposition pending the Court's ruling on Defendants' then-pending motion to dismiss. *See* Maya Decl. Exs. A, B. The Court ruled on the motion to dismiss on September 20, 2017. *See* ECF 89.

Ms. Lokosky's counsel next contacted Mr. Facteau's counsel on Sunday, November 26, 2017, on the eve of the mediation in this case. Ms. Lokosky's counsel subsequently contacted

Mr. Facteau's counsel in March 2018, but she did not serve a new subpoena for Mr. Facteau's deposition.  In connection with the March 2018 communications, Acclarent understands that Mr. Facteau's counsel told Ms. Lokosky's counsel that Mr. Facteau intended to invoke the Fifth Amendment if he were subpoenaed to testify.

On April 25, 2018, Ms. Lokosky and Acclarent jointly moved to extend the schedule in this case for the third time.  *See* ECF 103.  The motion requested that the fact discovery deadline be extended up to and including July 27, 2018.  *See id.*  The Court approved the extension request, but "strongly encouraged [the parties] to make best efforts to meet the new deadlines." ECF 104.  Acclarent never indicated that it would agree to any further extension of discovery. *See* Maya Decl. ¶ 5.

Ms. Lokosky's counsel first contacted Mr. Fabian's counsel about a potential deposition in May 2018, although counsel had discussed a deposition of Mr. Fabian with Acclarent's counsel in March 2018.  *Id.* Ex. C.  In connection with the May 2018 communications, Acclarent understands that Mr. Fabian's counsel informed Ms. Lokosky's counsel that Mr. Fabian intended to invoke the Fifth Amendment if he were subpoenaed to testify.

## ARGUMENT

**I.   THE COURT SHOULD QUASH THE SUBPOENAS BECAUSE THE BURDEN OUTWEIGHS ANY LIKELY RELEVANT TESTIMONY.**

A non-party subpoena under Rule 45 is subject to the balancing mandated by Rule 26, which weighs "the burden of proposed discovery against the likely benefit." *EEOC v. Texas Roadhouse, Inc.*, 303 F.R.D. 1, 2 (D. Mass. 2014) (quoting *Gill v. Gulfstream Park Racing Ass'n, Inc.*, 399 F.3d 391, 400 (1st Cir. 2005)).  Where the burden of the discovery outweighs its likely benefit, a court should quash the subpoena.  *See id.*

As an initial matter, Ms. Lokosky has not even contended in connection with the present dispute that Mr. Facteau or Mr. Fabian played a role in Acclarent's decision to place Ms. Lokosky on a Performance Improvement Plan or to fire her. The Performance Improvement Plan and subsequent termination form the core of Ms. Lokosky's remaining claims in this case, so the fact that Ms. Lokosky does not even argue that Mr. Facteau or Mr. Fabian played a role in those events weighs strongly in favor of a finding that the depositions would be unduly burdensome.[1]

Rather than attempt to show that Mr. Facteau or Mr. Fabian played any role in her termination, Ms. Lokosky has asserted that they were involved in the underlying conduct related to the promotion of the Stratus device that she allegedly resisted. Indeed, Ms. Lokosky's stated intent, per her attorney's July 19, 2018 email to the Court, is to depose Mr. Facteau and Mr. Fabian about "causing the unlawful distribution of Stratus for an unapproved use," the decision to make Stratus a catalogue-only product, and "compliance issues." Maya Decl. Ex. D. These are not the core issues in Ms. Lokosky's retaliation case.

Assuming, *arguendo*, that the witnesses participated in and have knowledge about the alleged promotional conduct, that alleged conduct is the basis of the yet unresolved criminal charges against them, so there is no prospect that they will provide substantive answers to the questions Ms. Lokosky intends to ask. *See Ameristar Jet Charter, Inc. v. Signal Composites,*

---

[1] *See, e.g.*, *Ackermann v. NYC Dep't of Info. Tech. & Telecomms.*, No. 09-2436, 2010 WL 1172625, at *1 (E.D.N.Y. March 24, 2010) (quashing deposition of non-party who was not involved in EEOC proceedings related to plaintiff's claim and had no direct or personal knowledge of allegations); *Lyman v. Pizzola*, No. 06-1109, 2008 WL 824290, at *1 (N.D.N.Y. March 25, 2008) (quashing subpoenas where "no facts or circumstances have been offered which would tend even to suggest that either [witness] had any personal knowledge of or involvement in" events described in plaintiff's allegations).

*Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) (affirming district court's decision quashing subpoenas where party "present[ed] no evidence that any new, relevant information will be obtained if it is permitted to take the depositions"). Ms. Lokosky undoubtedly is aware of this fact because she attended nearly the entire seven-week trial of Mr. Facteau and Mr. Fabian. *See* Maya Decl. Ex. E (Lokosky dep tr. at 240, 246-47).

The only reasonable conclusion to be drawn from these facts is that Ms. Lokosky seeks to pursue the depositions solely to force Mr. Facteau and Mr. Fabian to assert their Fifth Amendment rights so that she can ask the Court to draw an adverse inference against Acclarent from their refusals to testify. But no adverse inference may be drawn against Acclarent because Acclarent has had no employment relationship with Mr. Facteau or Mr. Fabian for several years, Acclarent does not control them, the witnesses have no interest in the outcome of this case, and their testimony is not central to the case. *See United States v. $62,552.00 in U.S. Currency*, No. 03-10153, 2015 WL 251242, at *6-*8 (D. Mass. Jan. 20, 2015) (outlining factors to consider when analyzing whether adverse inference may be drawn against party from non-party's assertion of Fifth Amendment privilege).

For these reasons, there would be no benefit to proceeding with depositions of Mr. Facteau or Mr. Fabian. The burden of the depositions, by contrast, would be significant. The burden on Mr. Facteau and Mr. Fabian is laid out in their moving papers. The depositions also would present a burden to Acclarent because it would require counsel to travel to Minnesota and California to attend. Moreover, and more importantly, conducting the depositions now would entail an additional extension of the schedule in this seven-year-old case, further burdening Acclarent. For the reasons discussed below, such an extension would be unjustified and should not be granted.

## II.     THE COURT SHOULD NOT EXTEND FACT DISCOVERY BECAUSE LOKOSKY CANNOT DEMONSTRATE GOOD CAUSE FOR AN EXTENSION.

Ms. Lokosky waited too long to serve subpoenas that she knew the witnesses would resist. The July 27 fact discovery deadline therefore should not be extended to accommodate the depositions or any related litigation. In seeking an extension of the July 27 deadline, Ms. Lokosky must demonstrate "good cause" for a modification of the existing schedule. *See* Fed. R. Civ. P. 16(b)(4). A critical element of a "good cause" showing is diligence on the part of the party seeking the schedule modification. *See O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) ("Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking [to extend a scheduling order]."); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (Rule 16 "standard focuses more on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent").

Ms. Lokosky cannot demonstrate diligence here because the timing "crunch" created by her subpoenas to Mr. Facteau and Mr. Fabian is entirely her fault or the fault of her counsel. Her counsel has been in touch with Mr. Facteau's counsel since April 2017 and could have served subpoenas on both Mr. Facteau and Mr. Fabian at any time after September 20, 2017, when the Court ruled on Defendants' motion to dismiss. Indeed, Ms. Lokosky's counsel has known since at least early March 2018 that Mr. Facteau intended to challenge any subpoena on Fifth Amendment grounds, and has known since May 2018 that Mr. Fabian would take the same position. Yet her counsel waited until ten days before the fact discovery deadline to try to force their testimony. This dilatory conduct does not represent good cause for an extension.

The Court's April 26, 2018 order, which extended the discovery period for a third time, further confirms that the discovery period should not be extended. The Court's order "strongly encouraged [the parties] to make best efforts to meet the new deadlines," including the July 27

fact discovery deadline.  ECF 104.  Acclarent took heed of the Court's admonition and completed its discovery obligations by the deadline.  Ms. Lokosky failed to make even a reasonable effort—let alone her "best efforts"—to resolve the issues of Mr. Facteau's and Mr. Fabian's testimony that she knew were looming.  The Court should not excuse her lack of diligence by extending the fact discovery period for a fourth time.

## CONCLUSION

For the reasons stated above, the Court should quash the subpoenas to Mr. Facteau and Mr. Fabian and decline to extend the fact discovery period to accommodate the depositions or any related litigation.  In addition, Acclarent joins the request by Mr. Facteau and Mr. Fabian for oral argument on the motion.

DATED: August 6, 2018                                              Respectfully submitted,

                                                                   /s/ Michael M. Maya
                                                                   Ethan M. Posner
                                                                   Daniel E. Johnson
                                                                   Mona Patel (BBO No. 641007)
                                                                   Michael M. Maya (BBO No. 672847)
                                                                   eposner@cov.com; dejohnson@cov.com;
                                                                   mpatel@cov.com; mmaya@cov.com
                                                                   COVINGTON & BURLING LLP
                                                                   One CityCenter, 850 Tenth Street, NW
                                                                   Washington, DC 20001
                                                                   (202) 662-6000

## CERTIFICATE OF SERVICE

I, Michael M. Maya, counsel for Defendants, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 6th day of August 2018.  I further certify that this document will be sent via email to counsel for non-parties William Facteau and Patrick Fabian at the following addresses:

William Hassler <WHassler@steptoe.com>
Frank Libby <falibby@libbyhoopes.com>

                                                                   /s/ Michael M. Maya
                                                                   Michael M. Maya (BBO No. 672847)