UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MELAYNA LOKOSKY, <br><br>        Plaintiff-Relator, <br><br>v. <br><br>ACCLARENT, INC., <br><br>        Defendant. | No. 1:11-cv-11217-DLC |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE
AN AMENDED STATEMENT OF MATERIAL FACTS (Doc. No. 144)**

CABELL, U.S.M.J.

In this *qui tam* action under the False Claims Act, 32 U.S.C. §§ 3729-33 (FCA), the defendant moved for summary judgment on the plaintiff's claims of retaliatory discharge under the FCA and common law wrongful discharge.  (D. 125).  While the summary judgment was pending, the plaintiff filed the present motion, seeking to amend her statement of material facts to include adverse inferences drawn from the deposition answers of two former Acclarent executives.  For the reasons stated below, the motion is denied.[1]

---

[1] Although the formal Opinion has not yet issued, the court has granted partial summary judgment to Acclarent on the retaliatory discharge claim. (D. 148).  The court finds it appropriate to address this issue to the extent the motion bears on the plaintiff's remaining claim of common law wrongful discharge.

Lokosky was a sales representative for Acclarent from 2007 until the beginning of 2011.  She asserts that Acclarent fired her because she refused to sell a particular medical device off-label.[2]  She argues further that her discharge was in retaliation for trying to halt activity that would lead to the filing of false reimbursement claims with the government.

During discovery on the remaining claims, Lokosky served deposition and production subpoenas upon William Facteau and Patrick Fabian, Acclarent's former Chief Executive Officer and Director of Sales, respectively.  Facteau and Fabian moved to quash and the court initially granted their motion.  (D. 111).

Upon reconsideration, however, the court recognized that Facteau or Fabian might possess information that Lokosky could not obtain from Acclarent.  The court therefore vacated its prior order and allowed Lokosky to submit written questions to Facteau and Fabian.  Lokosky submitted 78 questions to Facteau, to which he overwhelmingly invoked his Fifth Amendment privilege against self-incrimination.  Fabian did likewise to the 79 questions submitted to him.

Against this backdrop, Lokosky seeks to amend her Statement of Material Facts to include adverse inferences from Facteau and Fabian's answers to the following 11 questions:

---

[2] Off-label marketing occurs when a medical device is promoted for a use other than that for which the Food and Drug Administration granted approval.

2

1. Did Melayna Lokosky attempt to stop sales of Stratus that may have resulted in false claims being submitted to the federal government?

2. Did Melayna Lokosky complain about the continued Stratus promotion?

3. Did Melayna Lokosky complain about the continued Stratus promotion in violation of the Catalogue-Only announcement?

4. Were you aware that Melayna Lokosky attempted to stop off-label use of Stratus?

5. Were you aware that Melayna Lokosky attempt (sic) to stop sales of Stratus that may have resulted in false claims being submitted to the government?

6. Were you aware that Melayna Lokosky complained about continued Stratus Promotion?

7. At any time in 2010, did you come to the understanding that Melayna Lokosky had complained about the off-label promotion of Stratus?

8. Were you aware that Melayna Lokosky raised questions about the promotion of Stratus at the Western Area Meeting in August 2010?

9. Were you aware that Melayna Lokosky's September 2010 ASSET program caused Johnson & Johnson's healthcare compliance officer Judy Fernandez to question whether there was any improper promotion taking place?

10. Based on your understanding, did Acclarent terminate Melayna Lokosky because she attempted to stop sales of Stratus that may have resulted in false claims being submitted to the federal government?

11. Based on your understanding, did Acclarent terminate Melayna Lokosky because she refused to engage in off-label promotion to the Stratus device?

When a witness in a civil matter asserts the Fifth Amendment privilege against self-incrimination in response to

questioning, the court may allow an adverse inference to be drawn from the answer -- that is, an inference that if the witness had answered, the answer would have been unfavorable to the witness.  *See Baxter v. Palmagiano*, 425 U.S. 306, 318 (1976); *Green v. Cosby*, 177 F. Supp. 3d 673, 679 (D. Mass. 2016).  Where the witness is also a party to the civil case and "remains silent in the face of accusation, his silence is indicative of the reliability of the adverse inference drawn against him 'if it would have been natural under the circumstances to object to the accusation in question.'"  *United States v. $62,552.00 in U.S. Currency*, No. 03-cv-10153, 2015 WL 251242, at *6 (D. Mass. Jan. 20, 2015) (quoting *Baxter*, 425 U.S. at 319).

However, where, as here, a non-party witness in a civil matter invokes the Fifth Amendment, courts have recognized that the non-party may have reasons to stay silent besides self-incrimination -- particularly where the witness may wish to discredit a party.  *Id.*  Courts therefore consider whether to allow adverse inferences on a case-by-case basis, focusing on four non-exclusive factors:  (1) "'the nature of the relevant relationships'"; (2) "'the degree of control of the party over the non-party witness'"; (3) the compatibility of the interests of the party and non-party witness in the outcome of the litigation'"; and (4) "'the role of the non-party witness in the

4

litigation'". *Id.* at *7 (quoting *LiButti v. United States*, 107 F.3d 110, 123-24 (2d Cir. 1997)). Ultimately, the court must evaluate whether the adverse inference is trustworthy under all the circumstances. *Id.*

At the outset, the court notes that Lokosky has not provided any argument in support of her motion. *Cf. Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2003 WL 21998980, at *3 (S.D.N.Y. Aug. 22, 2003) (district court has discretion to deny a motion *in limine* that fails to identify evidence with particularity or present arguments with specificity). Further, while Facteau and Fabian were key employees of Acclarent at the time of the plaintiff's employment there, the plaintiff has not identified any evidence that either of them supervised her, played a role in her performance reviews, or were involved in her termination of employment.

Moreover, Facteau and Fabian have not been employed at Acclarent since 2011 and it does not appear that Acclarent exerts any control over them. They are represented by counsel independent of this case and they also asserted their Fifth Amendment rights in response to questions from Acclarent. Further, neither appears to have any interest in the outcome of the remaining issues in this litigation.

Based on the foregoing, the court does not consider the adverse inferences to be trustworthy under all circumstances.

Consequently, the Motion for Leave to File an Amended Statement of Material Facts of Record as to Which there Exists a Genuine Issue to be Tried is **DENIED**.

**SO ORDERED.**                              /s/ Donald L. Cabell
                                             DONALD L. CABELL, U.S.M.J.

DATED:  June 1, 2020